IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELINDA DARLENE TURPIN                                          PLAINTIFF

vs.                                        Civil No. 2:12-cv-02262

CAROLYN W. COLVIN                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melinda Darlene Turpin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed her disability applications on January 25, 2010. (Tr. 10, 106-116). In those applications, Plaintiff alleges being disabled due to a broken back. (Tr. 179). Plaintiff alleges an onset date of November 15, 2008. (Tr. 10, 106, 113). Her applications were denied initially and again upon reconsideration. (Tr. 48-51). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on her applications, and this hearing request was granted. (Tr. 68-73).

On April 21, 2011, this hearing was held in Clarksville, Arkansas. (Tr. 25-47). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") James Spragens testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 28). Plaintiff also testified she had obtained her high school diploma and was trained as a Certified Nurses Aid ("CNA"). (Tr. 31).

After this hearing, on May 9, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 7-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2008, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mood disorder and degenerative disc disease. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can only occasionally

>   climb, balance, crawl, kneel, stoop and crouch.  The claimant is also limited to work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment involved.  Supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 18-19, Finding 6).  The ALJ determined Plaintiff's PRW included work as a nurse's aide and a trimmer.  *Id.*  Considering her RFC, the ALJ found that person did not retain the capacity to perform this PRW.  *Id.*  The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 19-20, Finding 10).  The VE testified at the administrative hearing regarding this issue.  (Tr. 19, 43-47).

Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that person retained the capacity to perform representative occupations such as (1) small product assembler with 84,000 such jobs in the United States and 4,200 such jobs in Arkansas; (2) small product operator with 76,000 such jobs in the United States and 4,000 such jobs in Arkansas; and (3) small product inspector with 41,000 such jobs in the United States and 800 such jobs in Arkansas.  (Tr. 19).

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 19-20, Finding 10).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined she had not been under a disability, as defined in the Act, from November 15, 2008 through the date of his decision or through May 9, 2011.  (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. On September 6, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On November 5, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 12, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10 at 7-17. Specifically, Plaintiff claims the following: (1) the ALJ erred by failing to properly develop the evidence; (2) the ALJ erred by failing to consider evidence which fairly detracted from his findings; (3) the ALJ erred by failing to apply the proper legal standards; and (4) the ALJ did not satisfy his burden at Step Five of the sequential evaluation.

5

*Id.* Upon review, the Court finds the ALJ provided no basis for disregarding the findings of Plaintiff's treating physician, Dr. Russell B. Allison, M.D., an orthopaedist. The ALJ also erred by failing to consider Plaintiff for at least a closed period of disability. Accordingly, the Court will only address Plaintiff's second argument for reversal.

In the present action, Plaintiff injured her back in November of 2008. (Tr. 283). After her injury, she was treated by Dr. Allison at the Arkansas Orthopaedic Institute. (Tr. 278-283). As a result of that accident, Dr. Allison diagnosed Plaintiff with a "T12 burst fracture." (Tr. 278). Dr. Allison continued to treat Plaintiff throughout 2008 and 2009. (Tr. 278-283).

On July 28, 2009, eight months after her accident, Dr. Allison examined Plaintiff and stated she has "daily pain" and noted "even the slightest weather change causes her discomfort." (Tr. 280). During this examination, Dr. Allison noted that he did not think her back condition would improve. *Id.* He stated "[h]er bone is completely healed and she has a curvature now that will always leave her back off balance." *Id.* Dr. Allison also "wrote her to be off for the next three months due to her back pain." *Id.* Indeed, Dr. Allison found Plaintiff should be released from work until November 9, 2009, nearly one year after her accident. (Tr. 287). Dr. Allison further noted that even when she returned to work, she would have "permanent restrictions" of "no lifting," "no bending," and "no stooping." (Tr. 287).

In his opinion, the ALJ referenced Dr. Allison's findings, stated they were entitled to "great weight," but then disregarded most of those findings when he assessed Plaintiff's RFC. (Tr. 14-17). In his opinion, the ALJ found Plaintiff retained the capacity to perform a wide range of sedentary work (which would require some lifting) with the added restriction that she could only "occasionally climb, balance, crawl, kneel, stoop and crouch." (Tr. 14, Finding 5). The ALJ did not reference Dr. Allison's findings regarding Plaintiff's inability to lift, inability to bend, and inability to stoop. *Id.*

6

The ALJ also did not provide a basis for disregarding those limitations. *Id.*

Further, the ALJ did not even consider that Plaintiff may be entitled to a closed period of disability. Dr. Allison's treatment records reflect that Plaintiff's back injury likely satisfies the one-year requirement for a disability. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (defining "disability" as an "inability to engage in any substantial gainful activity by reason of any medical determinable physical or mental impairment which can be expected to result in death or *which has lasted or can be expected to last for a continuous period of not less than 12 months*") (emphasis added). Notably, she injured her back in November of 2008 and was completely restricted from working until at least November of 2009. Accordingly, the ALJ also erred in failing to consider this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reverse and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE